IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CARL W. STONE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-028 |
| | ) | |
| BRAD HOOKS, Warden, and GA | ) | |
| BOARD OF PARDONS AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are (1) Respondents' motion to dismiss Respondent GA Board of Pardons and Parole as an improper party respondent, and (2) Respondents' motion to dismiss the petition as untimely or for lack of exhaustion. (Doc. nos. 9, 10.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent GA Board of Pardons and Parole be **DISMISSED** from this case (doc. no. 10), Respondents' motion to dismiss be **GRANTED** (doc. no. 9), this petition be **DISMISSED** as untimely and for lack of exhaustion, and a final judgment be **ENTERED** in favor of Respondents.

**I.   BACKGROUND**

In 1983, the Richmond County Superior Court sentenced Petitioner to life imprisonment on a rape count (doc. no. 9-1, p. 1), and the Georgia Court of Appeals affirmed the sentence on direct appeal. Stone v. State, 316 S.E.2d 836, 838 (Ga. App. 1984). In July

1990, Petitioner was paroled. (Doc. no. 9-1, p. 1.) On July 23, 1999, Petitioner was arrested for violating four conditions of his parole, and on September 8, 1999, the Georgia Board of Pardons and Parole ("Parole Board") revoked Petitioner's parole. (Id. at p. 2.) Petitioner did not seek direct review of his parole revocation. On November 9, 2000, the Parole Board denied Petitioner parole, and informed Petitioner that he would not be considered for parole again until September 2007. (Id.)

On July 19, 2005, Petitioner filed his first state habeas corpus petition challenging his 1983 rape conviction and the 1999 parole revocation. (Doc. no. 11-1.) On September 25, 2006, the state habeas court denied relief on all grounds. (Doc. no. 11-7, p. 2.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on April 24, 2007, and denied Petitioner's motion for reconsideration on June 25, 2007. (Doc. no. 11-3 pp. 2-3.)

On September 21, 2007, the Parole Board denied Petitioner parole, and on July 9, 2008, Petitioner filed a second state habeas corpus petition seeking to challenge the 1999 parole revocation again. (Id.) The state habeas court dismissed the petition as untimely and successive on June 20, 2009. (Doc. no. 11-5.) Petitioner did not appeal. (See generally id.)

On February 7, 2011, the Parole Board denied Petitioner parole once more. (Doc. no. 11-7.) Petitioner filed a third state habeas corpus petition on February 6, 2012, challenging both his rape conviction and the 1999 parole revocation. (Doc. no. 11-6.) The state habeas court dismissed the petition as both untimely and successive on July 9, 2012. (Doc. no. 11-7.) Petitioner did not appeal. (See generally id.)

On February 19, 2014, the Parole Board again denied Petitioner parole. (Doc. no. 11-10.) On February 17, 2015, Petitioner filed the instant § 2254 petition challenging the 1999 parole revocation and 2000, 2007, 2011, and 2014 parole denials. (Doc. no. 1, pp. 1, 5-11.) In Ground One, Petitioner alleges that he suffered cruel and unusual punishment as a result of the parole revocation and four parole denials. (Id. at 6.) In Grounds Two and Three, Petitioner claims the parole revocation and four parole denials violated the ex-post facto clause of the United States Constitution. (Id. at 7.) Respondent moves to dismiss Petitioner's challenges to the 1999 parole revocation and 2000, 2007, and 2011 parole denials as untimely under 28 U.S.C. § 2244(d), and Petitioner's challenge to his 2014 parole denial as unexhausted under 28 U.S.C. § 2254(b) and (c). (Doc. no. 9-1, pp. 6, 10.)

## II. DISCUSSION

### A. The Georgia Board of Pardons and Parole is Not a Proper Respondent.

Rule 2(a) of the Rules Governing § 2254 Cases provides that if the petitioner is "currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Here, Respondent Hooks is the proper respondent because he is the Georgia state officer exercising custody while Petitioner serves his life sentence. (Doc. no. 10-1, p. 2.) Accordingly, the Parole Board should be dismissed as an improper party respondent.

### B. Petitioner's Claims Challenging the 1999 Parole Revocation Should Be Dismissed as Time-Barred.

Federal habeas petitions challenging state parole revocations are brought pursuant to 28 U.S.C. § 2254, and are subject to the one-year statute of limitations in 28 U.S.C. §

3

2244(d)(1) ("AEDPA"). Ray v. Mitchem, 272 F. App'x 807, 809 (11th Cir. 2008); Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). This one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In habeas proceedings challenging parole revocations, the trigger for the one-year limitations period is subsection (D). Chambers v. Florida Parole Comm'n, 257 F. App'x 258, 260 (11th Cir. 2007). Subsections (B) and (C) clearly do not apply in the current parole context, and subsection (A) does not apply because there is no direct appellate review of a decision by the Parole Board to revoke parole. See Mitchem, 272 F. App'x at 810 ("There is no direct appellate review of the Board's decisions to grant or revoke parole."); O.C.G.A. § 50-13-2(1) (excepting the "State Board of Pardons and Paroles" from Georgia's Administrative

4

Procedures Act). The one-year limitations period under subsection (D) runs from the day the Parole Board revokes parole. See Hawes v. Howerton, 335 F. App'x 882, 884 (11th Cir. 2009); Mitchem, 272 F. App'x at 810.

Because the Parole Board revoked Petitioner's parole on September 8, 1999, the one-year deadline for filing a federal habeas petition expired on September 8, 2000. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner did not take any action between September 8, 1999, and September 8, 2000, that tolled the one-year limitations period. By the time Petitioner filed his first state habeas petition to challenge the revocation in 2005, the one-year limitations period for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it."). Because Petitioner failed to file his federal habeas petition within the one-year limitations period, all claims challenging the Parole Board's 1999 parole revocation are untimely and should be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling, as discussed *infra* Part II.D.

### C. Also Time-Barred Are the Claims Challenging the Parole Denials of 2000, 2007, and 2011.

Federal habeas petitions challenging parole denials are also subject to AEDPA's one-year limitations period, which begins to run the day the Parole Board issues the decision to

5

deny parole, pursuant to subsection (D) of § 2244(d)(1).  Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).  The proper Georgia state method to challenge a parole denial is to file a petition for writ of mandamus against the Parole Board, not an appeal or state habeas petition.  Brown, 512 F.3d at 1307; Johnson v. Griffin, 271 Ga. 663, 664 (Ga. 1999).  Significantly, the Eleventh Circuit has not addressed whether a state mandamus petition challenging a Parole Board decision tolls the one-year limitations period, aside from commenting that it likely does.  Hawes, 335 F. App'x at 885; Brown, 512 F.3d at 1308 n. 2.  The Court will assume that it does for the present analysis.

Petitioner's claims related to his parole denials in 2000, 2007, and 2011 are untimely because Petitioner neither filed a federal habeas petition within one year of the parole denials nor tolled the limitations period by filing a state mandamus action.  (See generally, doc. nos. 11-1–10.)  Although Petitioner filed three state habeas petitions, they are procedurally improper.  Brown, 512 F.3d at 1307.  Furthermore, in the three petitions, Petitioner does not challenge any parole denial but only his underlying conviction and the 1999 parole revocation.  (Doc. no. 11-1–10.)

Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling, the Court should dismiss as untimely Petitioner's federal habeas claims that challenge the parole denials in 2000, 2007, and 2011.  (Doc. no. 1, p. 6-9.)

### D. Petitioner is Not Entitled to Equitable Tolling for Claims Challenging The 1999 Parole Revocation or 2000, 2007, and 2011 Parole Denials

An otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that he is entitled to equitable tolling.  Equitable tolling can be applied to

prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Here, because Petitioner has not shown any extraordinary circumstances that prevented the timely filing of a federal habeas petition following the 1999 parole revocation, or the 2000, 2007 and 2011 parole denials, equitable tolling does not save these claims from being time-barred under AEDPA. McNeil, 633 F.3d at 1268.

### E. Petitioner's 2014 Parole Denial Claim Should be Dismissed for Failure to Exhaust State Remedies.

Under AEDPA, District Courts are required, per the traditional exhaustion requirement, to dismiss federal habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he

has the right under the law of the State to raise, by *any* available procedure, the question presented." § 2254(c) (emphasis added). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Under Georgia law, as discussed *supra* Part II.C, the only appropriate method to challenge a parole denial is through a petition for writ of mandamus. Brown, 512 F.3d at 1307. In order to properly exhaust state remedies, a petitioner must file a petition for writ of mandamus in state court against the Parole Board, and receive a determination on the writ. Id.; Griffin, 271 Ga. at 664.

Petitioner contends that he filed a writ of mandamus challenging the 2014 parole denial with the Fulton County Superior Court on October 6, 2014, but that the Clerk's office failed to act or respond. (Doc. no. 17.) The Parole Board acknowledges receipt of an unfiled copy of a mandamus petition from Petitioner in October 2014. (Doc. no. 9-1, p. 11.) Respondents have not received any formal notice nor any pleading showing that the mandamus action was ever filed. (Id.) Petitioner has no pending case on the Fulton County docket, and Petitioner acknowledges that the mandamus action was never commenced. (Doc. no. 17.) Petitioner never made the effort to prosecute his state mandamus action, and there is no suggestion that he did anything to pursue the case after the initial, unsuccessful attempt to file the petition. Because Petitioner has failed to exhaust, dismissal of his habeas

8

claim is required as to all claims concerning the 2014 parole denial. To rule otherwise would violate the cardinal rule that federal habeas courts cannot review state law claims when the state courts have not had an opportunity to act. O'Sullivan, 526 U.S. at 842.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents' motions to dismiss be **GRANTED**, Respondent GA Board of Pardons and Parole be **DISMISSED** from this case (doc. no. 10), this petition be **DISMISSED** as untimely and for lack of exhaustion (doc. no. 9), and a final judgment be **ENTERED** in favor of Respondents.

SO REPORTED and RECOMMENDED this 9th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA