IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CARL W. STONE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 115-028 |
| | ) |
| BRAD HOOKS, Warden, and GA | ) |
| BOARD OF PARDONS AND PAROLE, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 21). The Magistrate Judge recommended denying the petition filed pursuant to 28 U.S.C. § 2254 because the claims were untimely or unexhausted. (Doc. no. 19.) Petitioner only objects to the portion of the R&R recommending dismissal of his 2014 parole denial claim for failure to exhaust state remedies. (Doc. no. 21, pp. 2-3.)

Based on the scant information then available, the Magistrate Judge found that, although Petitioner had prepared a mandamus petition challenging the parole denial, he failed to successfully commence the case and thus never received a ruling on the merits in the Superior Court of Fulton County, Georgia. Now for the first time, Petitioner attached to his objections an August 17, 2015 Order from the Fulton County Superior Court rejecting the petition for filing because it failed to raise any justiciable issue of law or fact. The Superior Court did so pursuant

to O.C.G.A. § 9-15-2(d), which provides for screening and rejection of meritless *pro se* filings in this manner. As this code section explains, "[a]n order denying filing shall be appealable in the same manner as an order dismissing an action."

Pursuant to O.C.G.A. § 5-6-35, a prisoner must file an application for discretionary appeal to the Georgia Supreme Court within thirty days of the entry of the order, decision, or judgment. See O.C.G.A. § 5-6-35(d); O.C.G.A. § 9-6-28(b); Jones v. Townsend, 267 Ga. 489, 490 (Ga. 1997) (finding that plaintiff's failure to comply with discretionary appeal procedure required dismissal). Here, the Superior Court rejected Petitioner's mandamus petition for filing on August 17, 2015. (Doc. no. 21, p. 8.) Petitioner had until September 16, 2015, to seek an application for appeal to the Georgia Supreme Court. See O.C.G.A. § 5-6-35(d); O.C.G.A. § 9-6-28(b). Petitioner did not file an appeal, and claims as an excuse that he did not receive a copy of the August 17 Order until forty-two days after its entry, on September 28, 2015. (Doc. no. 21, p. 8.) Even if this is true, Petitioner has neither alleged nor proved that he has since attempted to file an application for appeal and sought an excusal from the thirty-day deadline. Consequently, Petitioner is in default and has failed to exhaust state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Although a state prisoner has no right to *review* in the Illinois Supreme Court, he does have a 'right . . . to raise' his claims before that court. That is all § 2254(c) requires."); Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (holding that petitioner failed to exhaust state remedies by failing to apply for certificate of probable cause to appeal denial to Georgia Supreme Court); Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003) ("[P]risoners must . . . invok[e] one complete round of the State's established appellate review process . . . including

review by the state's court of last resort, even if review in that court is discretionary.") Because Petitioner has failed to exhaust state remedies, dismissal of his habeas petition is required.

Finally, dismissal would be appropriate even if Petitioner somehow revived his defaulted state mandamus action and convinced the Georgia Supreme Court to consider an untimely application for discretionary appeal. The United States Supreme Court has held that a "state prisoner must give the state courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added); see also Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.")

As a matter of procedure, Petitioner has filed an unopposed motion to change a respondent, claiming that Mr. Shawn Emmons has replaced Respondent Hooks as Petitioner's custodian. (Doc. no. 22.) Because Rule 2(a) of the Rules Governing Section 2254 Cases requires Petitioner name as Respondent the state officer who has custody, the Court **GRANTS** Petitioner's motion. The Clerk is directed to change "Brad Hooks" to "Shawn Emmons."

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Respondent GA Board of Pardons and Parole from this case (doc. no. 10), **GRANTS** Respondents' motion to dismiss the petition as untimely and unexhausted (doc. no. 9), and **ENTERS** a final judgment in favor of Respondent Emmons.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas

3

corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above and in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondents.

SO ORDERED this 10th day of December, 2015, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

4